## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **CYNTHIA BOYD,** | ) | |
| | ) | |
| **Intervenor-Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | **1:13-cv-00530-KD-M** |
| **GULF SHORES APARTMENTS,** | ) | |
| **LTD., ARD, INC., SOUTHEASTERN** | ) | |
| **PARTNERS, INC., MITCHELL** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| **MULTIFAMILY MANAGEMENT,** | ) | |
| **INC., THE MITCHELL COMPANY,** | ) | |
| **INC., JO ANN DOUGLAS, ROBIN** | ) | |
| **PRENTICE, and MICHAEL** | ) | |
| **GRINSTEAD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT DECREE

Plaintiff United States of America, Intervenor Plaintiff Cynthia Boyd ("Ms. Boyd"), and Defendants Southeastern Partners, Inc. ("Southeastern"); Mitchell Management, Inc. ("MMI"); Multifamily Management, Inc. ("MFMI"); The Mitchell Company, Inc. ("MCI"); Jo Ann Douglas ("Douglas"); Robin Prentice ("Prentice"); and Michael Grinstead ("Grinstead") agree to the terms of this Consent Decree resolving this action filed by the United States and Ms. Boyd.

# I. **INTRODUCTION.**

On October 30, 2013, the United States of America filed a Complaint, on behalf of Cynthia Boyd, against Defendants Gulf Shores Apartments, Ltd. ("GSA"), ARD, Inc. ("ARD"), Southeastern, MMI, MFMI, MCI, Ms. Douglas, Mr. Prentice and Mr. Grinstead (collectively, "Defendants"). On January 9, 2014, Ms. Boyd filed an Intervenor Complaint against Defendants, pursuant to 42 U.S.C. § 3612(o). The United States and Ms. Boyd allege that Ms. Boyd, an adult resident citizen of Baldwin County, Alabama, is an individual with physical and mental disabilities which substantially limit one or more of her major life activities. Ms. Boyd has a seizure disorder, limited mobility, mental disabilities and uses a "service animal." She has a "disability" as defined by the Fair Housing Act, 42 U.S.C. § 3602(h).

The Complaint and Intervenor Complaint allege that Defendants discriminated against Ms. Boyd, who was a resident of Morgan Trace Apartments in Gulf Shores, Alabama ("Morgan Trace"), by refusing her requests for an apartment with a ground level entrance as a reasonable accommodation of her disabilities. They further allege that Defendants discriminated against Ms. Boyd by denying permission for her to keep her service animal in her apartment as a reasonable accommodation.

The Complaint and Intervenor Complaint allege that, during the period relevant to this action, Defendants Douglas and Grinstead were employed by MCI, MMI or MFMI and Defendant Prentice was employed by MMI or MFMI. They further allege that Defendants Douglas, Prentice, and Grinstead subjected Ms. Boyd to demeaning, threatening, and derogatory statements because of her disability. They also allege Defendant Grinstead sexually harassed Ms. Boyd by refusing to perform maintenance repairs in her apartment unless she agreed to have sex with him and that he threatened her service animal.

The Complaint and Intervenor Complaint allege that Defendants retaliated against Ms. Boyd because she filed a complaint with the Department of Housing and Urban Development ("HUD"), by having Defendant Prentice hand-deliver a 14-day notice to vacate to Ms. Boyd on October 1, 2010.

Morgan Trace is a multi-family apartment complex located in Gulf Shores, Alabama. During the times alleged in the Complaint and Intervenor Complaint: (1) Morgan Trace was owned by Defendant GSA; (2) Defendant Southeastern was

the General Partner of GSA, and MCI was the limited partner; and (3) MCI was the USDA-RD Approved Management Agent of Morgan Trace.

MMI changed its name to MFMI in May 2009. On November 16, 2011, MFMI became the USDA-RD Approved Management Agent for Morgan Trace. This was after Ms. Boyd no longer lived at Morgan Trace. Neither MMI nor MFMI owned or managed Morgan Trace during the times alleged in the Complaint and Intervenor Complaint and had no responsibility for the issues raised by the United States and Ms. Boyd in the Complaints. ARD did not own or manage Morgan Trace during the times alleged in the Complaint and Intervenor Complaint and had no responsibility for the issues raised by the United States and Ms. Boyd in the Complaints.

The Complaint and Intervenor Complaint allege that Defendants:

1. Discriminated in the rental of, or otherwise made unavailable or denied, a dwelling to Ms. Boyd because of disability, in violation of 42 U.S.C. § 3604(f)(1)(A);

2. Discriminated against Ms. Boyd in the terms, conditions, or privileges of rental of a dwelling or in the provision of services or facilities in connection with a dwelling, because of her disabilities, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(2);

3. Refused to make reasonable accommodations in their rules, policies, practices, or services, when such accommodations were necessary to afford Ms. Boyd equal opportunity to use and enjoy her dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B);

4. Coerced, intimidated, threatened, interfered with, and retaliated against Ms. Boyd in violation of 42 U.S.C. § 3617 when they served Ms. Boyd with a notice to vacate within hours of receiving service of her fair housing complaint;

5. Subjected Ms. Boyd to sexual harassment and to harassment based on her disabilities, in violation of 42 U.S.C. § 3604(b); and

6. Made discriminatory statements about Ms. Boyd, in violation of 42 U.S.C. § 3604(c).

On or about September 27, 2010, Ms. Boyd filed a timely complaint with HUD pursuant to 42 U.S.C. § 3610 *et seq.,* alleging discrimination on the basis of disability, among other things. The Secretary of HUD conducted an investigation of the complaint, and attempted conciliation without success. On September 26, 2013, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2), charging Defendants with engaging in discriminatory practices against Cynthia Boyd on the basis of disability and sex and with acts of retaliation in violation of the Fair Housing Act. After Ms. Boyd elected to proceed in federal court, HUD referred the case to the Department of Justice for filing pursuant to 42 U.S.C. § 3612(o) (1).

Defendants deny they discriminated against Ms. Boyd on the basis of disability or sex. Defendants deny they retaliated against Ms. Boyd for her exercise of her rights under the Fair Housing Act. Defendants deny Ms. Boyd was subjected to harassment based on her disability or sex or on the basis of any other protected class.

United States, Ms. Boyd and Defendants agreed to dismiss, with prejudice, all claims asserted by the United States and Ms. Boyd against ARD and GSA pursuant to a separate Joint Stipulation of Dismissal. The remaining Defendants have entered into this Consent Decree ("Decree") for settlement purposes only, and neither the entry of the Decree nor any action taken under it should be construed as an admission by any Defendant of any fault or wrongdoing, or as an admission of the validity of the claims asserted by the United States or Ms. Boyd.

## II.   AGREEMENT REGARDING JURISDICTION.

The parties agree that this Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1345 § 1331, and 42 U.S.C. § 3612(o).

## III.   AGREEMENT REGARDING SETTLEMENT OF CLAIMS.

The parties agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings and an evidentiary hearing. Therefore, as indicated by the signatures below, the parties agree to the entry of this Decree. This Decree constitutes full resolution of the claims in the Complaints that Defendants discriminated against Ms. Boyd on the basis of disability and sex, and retaliated against her exercise of her rights under the Fair Housing Act.

Ms. Boyd and Defendants have entered a separate Release and Settlement Agreement. As a condition to Defendants consenting to the terms of this Decree, Ms. Boyd agrees to indemnify and hold Defendants harmless against any claim by the United States Department of Agriculture, HUD, or any other governmental agency or instrumentality that Defendants, either individually or collectively, have any duty or obligation to collect monies from Ms. Boyd, pursue claims or proceedings to collect monies from Ms. Boyd, or to pay monies relating to any subsidized rent payment Ms. Boyd was allowed or which she paid during her tenancy at Morgan Trace.

Ms. Boyd's agreement to defend and indemnify Defendants includes an agreement to pay any legal fees and expenses incurred by Defendants as a result of a claim or proceeding relating to Ms. Boyd's subsidized rent payments.

## TERMS OF AGREEMENT

All following relief shall apply to all MFMI's and MCI's multi-family properties in Alabama, whether currently owned and/or managed, or later acquired during the pendency of this Decree.

## IV. <u>GENERAL INJUNCTION.</u>

1. MFMI and MCI, their agents, employees, officers, and contract workers whose duties, in whole or in part, involve the management, sale, or rental of units at MFMI's or MCI's multi-family properties in Alabama, and all other persons in active concert or participation with them, are enjoined from violating the Fair Housing Act on the basis of disability or sex, and from:

   a. discriminating in the sale or rental, or from otherwise making unavailable or denying a dwelling to any buyer or renter because of a disability, as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(1);

   b. discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability, as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(2);

c.  refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, as required by the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B);

d.  making, printing, or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, a limitation, or discrimination based on disability, in violation of 42 U.S.C. § 3604(c);

e.  coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by 42 U.S.C. §§ 3603-3606; and

f.  engaging in harassment, including sexual harassment, of any tenant or prospective tenant, as prohibited by the Fair Housing Act.

## V.  **DAMAGES FOR MS. BOYD, FEES, AND COSTS.**

2.  Within thirty (30) days of the Court's entry of this Decree, Defendants shall pay to Ms. Boyd, the sum of Ninety Thousand Dollars ($90,000.00) in monetary damages, attorney's fees and costs.   Parties in this action other than MMI and MFMI are responsible for making the payment.  Upon receipt of the check, counsel for Ms. Boyd shall send to Defendants an executed Release and Settlement Agreement of all claims, legal or equitable, that Ms. Boyd has or might have against the Defendants arising from the allegations raised in this action.

## VI.  **NONDISCRIMINATORY POLICY.**

3.  Within thirty (30) days of the Court's entry of this Decree and throughout the term of this Decree, MFMI and MCI shall post and prominently display in their multifamily properties in Alabama a sign no smaller than 8.5 inches by 14 inches, indicating that all dwellings are available for sale or rental on a nondiscriminatory basis.  A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.  These posters shall be plainly visible to all persons, including those who use wheelchairs.

4.  Within thirty (30) days of the Court's entry of this Decree and throughout the term of this Decree, MFMI and MCI shall ensure that any advertising for their multifamily properties in Alabama, in newspapers, telephone directories, radio, television, the internet, or other media, and on signs, pamphlets, brochure, and other promotional literature, include a fair housing logo, the words "equal housing opportunity provider," and/or the following sentence:

> We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status (families with children 18 years or younger), or disability.

The words or logo should be prominently placed and clearly legible.

5.  Within thirty (30) days of the Court's entry of this Decree, MFMI and MCI shall provide to all residents of their multifamily properties in Alabama which they own or manage a written notice, conforming to Appendix A, describing their policy of nondiscrimination. MFMI and MCI shall also provide this policy to all prospective residents of their multifamily affordable properties in Alabama at the time of application.

## VII.  <u>GENERAL REASONABLE ACCOMMODATION POLICY.</u>

6.  Within sixty (60) days after the date of the Court's entry of this Decree, and subject to approval by the United States, MFMI and MCI shall adopt and implement (for their multifamily properties in Alabama) specific, uniform, and objective written standards and procedures for receiving and handling requests made by tenants or prospective tenants with disabilities for reasonable accommodations other than requests for assistance animals, see, VIII below. These standards shall comply with the requirements of 42 U.S.C. § 3601 *et seq.*, and shall include the following provisions:

a.  Within fourteen (14) days of the approval of the United States, MFMI and MCI shall provide to all current and prospective residents (who submit applications) of MFMI's and MCI's multifamily properties in Alabama complete copies of the Reasonable Accommodation policy and of the Reasonable Accommodation forms attached hereto as Appendices B, C, D, and E;

b.  MFMI and MCI shall use the following forms at their multifamily properties in Alabama: Request for Reasonable Accommodation (Request Form) (Appendices C and D); and Approval or Denial of Reasonable Accommodation Request Form (Approval Form) (Appendix E).  Oral requests for Reasonable Accommodations will be recorded by the Property Manager using the form in Appendix D;

c.  The policy will contain a provision stating that all requests for accommodation shall be acknowledged in writing within ten (10) days of the request;

d.  The policy shall state that those requesting a reasonable accommodation shall be notified in writing of the decision regarding their request for accommodation within fourteen (14) days of the request (or sooner if the situation requires an immediate response); if MFMI or MCI cannot grant the request as made, they are required to engage in an interactive process with the resident or prospective resident to discuss whether an alternate accommodation can be made available; in the event the interactive process is unsuccessful, resulting in a denial of the request, an explanation of the basis for such denial shall be included in this written notification;

e.  The policy will contain a provision stating that MFMI and MCI shall consider all requests for accommodations because of disability and shall grant those requests that are reasonable within the meaning of the Fair Housing Act.  The policy shall also include a provision explaining that MFMI and MCI shall engage in an interactive process with the resident or the prospective resident in an effort to grant the request;

f.  The policy will contain a provision stating that MFMI or MCI shall not impose any additional fees, costs, or otherwise retaliate against any person at any of MFMI's or MCI's multifamily properties in Alabama who has exercised his or her right under the Fair Housing Act to make one or more reasonable accommodation requests and, if applicable, to receive a reasonable accommodation.  In the event the reasonable accommodation request involves a reasonable modification to the structure of the interior or exterior areas of the dwelling or to common and public use areas  (e.g., widening  doorways for

wheelchairs, lowering kitchen cabinets, adding ramps for wheelchair access, etc.), the current or prospective  resident is responsible for paying the costs of the modifications; and

g.     In the event a resident's or prospective resident's disability is not obvious as it relates to the requested accommodation, MFMI or MCI may request information be provided by the resident or prospective resident which credibly demonstrates the disability, such as: evidence that the individual (if under 65 years of age) receives Supplemental Security Income or Social Security Disability Insurance Benefits; a note, report or prognosis from a doctor or other medical professional; verification from a peer support group or non-medical service agency which relates to the stated disability; or a statement from a reliable third-party (e.g., treating psychiatrist, psychologist, other healthcare provider, parent, guardian, care-giver, husband, wife or partner) who is in a position to have observed and know the resident's or prospective  resident's disability or disability.

7.     For the duration of this Decree, MFMI and MCI shall provide a copy of the Reasonable Accommodation Policy for Persons with Disabilities to each new resident of their multifamily properties in Alabama prior to the prospective residents being asked to sign a lease or sales agreement.

8.     MFMI and MCI shall post the Reasonable Accommodation Policy in a conspicuous location in the management office of each of their multifamily properties in Alabama, easily visible to residents and prospective residents including those who use wheelchairs.

9.     If MFMI or MCI proposes to change these guidelines, they shall first notify the United States[1] with a copy of the proposed changes.  If the United States does not deliver written objections to MFMI or MCI within sixty (60) days of receiving the proposed changes, the changes may be effected.  If the United States makes any objections to the proposed changes within the sixty (60) day period, the specific changes to which the United States objects shall not be affected until the objections are resolved.

---

[1] MFMI and MCI shall send all documents, notices, and other communications required by the Decree to be sent to the United States to: Holly Wiseman, Special Assistant United States Attorney, Southern District of Alabama, Civil Division, 63 South Royal Street, Suite 600, Mobile, AL 36602, and reference Civil Action No. 13-00530-KD-M.

10. MFMI and MCI shall keep written records of each request for reasonable accommodation it receives during the duration of this Decree. These records shall include: (a) the name, address, and telephone number of the person making the request; (b) the date on which the request was received; (c) the nature of the request; (d) whether the request was granted, was granted in modified form as a result of the interactive process, including the details of the discussions, or denied; and (e) if the request was denied, the reason(s) for the denial.

11. Upon adopting specific, uniform, and objective written standards and procedures for receiving and handling requests made by people with disabilities for reasonable accommodations, MFMI and MCI shall provide written notice, in a form substantially equivalent to Appendix G attached hereto, of those standards to each current resident of their multifamily properties in Alabama and each prospective resident of their multifamily properties in Alabama who submits an application.

## VIII. **POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS.**

12. No later than sixty (60) days after the date of entry of this Consent Decree, MFMI and MCI shall submit for approval to the United States a proposed reasonable accommodation policy. The proposed policy shall, at a minimum, include the information contained in Attachment F.

13. Within thirty (30) days of the United States' approval of the proposed policy, MFMI and MCI shall adopt the policy and notify in writing each resident of their multifamily affordable properties in Alabama of the adoption and implementation of the New Policy.

14. No later than fourteen (14) days after adoption of the New Policy, MFMI and MCI shall either publicly post the New Policy in a prominent location at their multifamily properties in Alabama or distribute a copy of the policy to each person who inquires about renting a unit at the building.

15. The New Policy, once approved, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations at MFMI's and MCI's multifamily properties in Alabama, including but not limited to approval of assistance animals.

## IX.   ANTI-SEXUAL HARASSMENT POLICY.

16.   Within thirty (30) calendar days from the Court's entry of this Decree, MFMI and MCI will develop, review, and/or update and follow policies and procedures for reporting sexual harassment on the part of their agents, employees and contract workers, which policies and procedures shall include disciplinary action that may be taken.  The policies and procedures will include the following elements:

    a.     A provision for reporting alleged sexual harassment;

    b.     A provision outlining the procedure which will be followed after alleged sexual harassment is reported;

    c.     A provision outlining all disciplinary actions which may be taken against the agents, employees, and contract workers when alleged sexual harassment is found; and

    d.     A provision prohibiting retaliation against any person who has made a complaint, reported, or assisted in reporting alleged sexual harassment.

## X.   TRAINING & EDUCATIONAL PROGRAM.

17.   Within thirty (30) days of the Court's entry of this Decree, MFMI and MCI shall provide a copy of this Decree and the nondiscrimination and reasonable accommodation policies to all of their agents, employees, and contract workers whose duties, in whole or in part, involve the management, sale, or rental of units at their multifamily properties in Alabama and secure a signed statement from each agent or employee acknowledging that he or she has received and read the Decree and policies, and has had an opportunity  to have questions about the Decree and policies answered.  This statement shall be substantially in the form of Appendix H.

18.   During the term of this Decree, within thirty (30) days after the date he or she commences an agency or employment relationship with MFMI or MCI, each new agent, employee, or contract worker whose duties, in whole or in part, involve the management, sale or rental of units at MFMI's or MCI's multifamily properties in Alabama shall be given a copy of this Decree and the nondiscrimination and reasonable accommodation policies and be

required to sign the statement acknowledging that he or she has received and read the Decree and policies, and had an opportunity to have questions about the Decree and policies answered. This statement shall be substantially in the form of Appendix H.

19.     Within ninety (90) days of the Court's entry of this Decree, MFMI and MCI and all of their agents, officers, employees, and contract workers whose duties, in whole or in part, involve the management, sale, or rental of units at their multifamily properties in Alabama, shall undergo training on the requirements of the Fair Housing Act, including the duty to provide reasonable accommodations for persons with disabilities and the duty to refrain from sexual harassment of tenants and prospective tenants. The training shall be conducted by a qualified third-party (to include the Center for Fair Housing of Mobile, Alabama), who is unconnected to MFMI or its employees, agents or, counsel, and approved by the United States. All expenses associated with MFMI's training shall be borne by MFMI. All expenses associated with MCI's training shall be borne by MCI. MFMI and MCI shall provide to the United States, within thirty (30) days after the training, the name(s), addresses(es), and telephone number(s) of the trainer(s); copies of the training outlines and any materials distributed by the trainers; and certifications executed by them and covered employees and agents confirming their attendance, in a form substantially equivalent to Appendix I.

## XI.     <u>REPORTING AND RECORD-KEEPING REQUIREMENTS.</u>

20.     Within ninety (90) days of the Court's entry of this Decree, and thereafter on the anniversary of the entry of this Decree, MFMI and MCI shall submit to the United States a compliance report, except that the final report shall be submitted sixty (60) days prior to the expiration of this Decree. The compliance report shall include: (a) the signed statement of each agent and employee referred to in paragraphs 15-17, above; (b) copies of their nondiscrimination and reasonable accommodation policies submitted pursuant to Sections IV and V, above; and (c) copies of any advertisements, pamphlets, brochures, or other promotional literature concerning multifamily properties in Alabama.

21.     For the duration of this Decree, MFMI and MCI shall notify counsel for the United States, in writing, within fifteen (15) days of receipt of any complaint of housing discrimination against them regarding their multifamily

properties in Alabama or any of their agents, employees, or contract workers at their multifamily properties in Alabama. Such notification shall include the date of the complaint, a copy of any written complaint or a description of the verbal complaint, and contact information for the complaining party. Within fifteen (15) days of the resolution of any such complaint, MFMI or MCI shall notify counsel for the United States, in writing, providing the details of the resolution.

22.     For the duration of this Decree, MFMI and MCI shall preserve all records related to this Decree and any other documents related to the management, sale, or rental of units at their multifamily properties in Alabama they own or for which they provide any management support or responsibility. Such documents include, but are not limited to, applications, leases, requests for reasonable accommodation, evidence that each resident has been presented the policies on nondiscrimination and reasonable accommodations and an opportunity to request an accommodation, tenant files, policies, procedures, all correspondence with residents and all notebooks, logs, and computer information that relates to correspondence with residents, and tenant-tracker and unit availability logs. Upon reasonable notice to MFMI and MCI, representatives of the United States shall be permitted to inspect and copy any of MFMI's or MCI's records or inspect their multifamily properties in Alabama owned and/or managed by them at any and all reasonable times so as to determine compliance with the Decree; provided, however, that the United States shall endeavor to minimize any inconvenience to them from such inspections.

23.     MFMI and MCI shall notify counsel for the United States, in writing, if they acquire any new ownership interest or management of any multifamily properties in Alabama during the duration of this Decree. Said notice shall be made within 15 days after the acquisition of any such interest.

## XII.  COMPLIANCE TESTING.

24.     The United States may take steps to monitor MFMI's and MCI's compliance with this Decree including, but not limited to, conducting fair housing tests at any of MFMI's or MCI's multifamily properties in Alabama.

## XIII. DURATION OF DECREE AND TERMINATION OF LEGAL ACTION.

25.     The Court shall retain jurisdiction for three (3) years after the Court's entry of this Decree to enforce the terms of the Decree, at which time the case shall be dismissed with prejudice. Prior to the expiration of the Decree's term, the United States may move the Court to extend the duration of the Decree for good cause, including on the basis that MFMI or MCI failed to comply with a provision of the Decree.

26.     The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Decree prior to bringing such matters to the Court for a resolution. However, in the event of a failure by MFMI or MCI or their agents, employees, officers, and contract workers whose duties, in whole or in part, involve the management, sale, or rental of units at MFMI's or MCI's multifamily properties in Alabama, to perform in a timely manner any act required by this Decree or otherwise to act in violation of any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees that may have been occasioned by the violation or failure to perform.

## XIV. TIME FOR PERFORMANCE.

27.     Any time limits for performance imposed by this Consent Decree may be extended by the mutual, written agreement of the United States and MFMI or MCI.

## XV. COSTS OF LITIGATION.

28.     With the exception of the costs and attorney's fees described in Section III above, each party to this Consent Decree shall bear its own costs and attorney's fees associated with this litigation.

IT IS SO ORDERED:

This ___5th___ day of ___June___ 2014.     _____s/ Kristi K. DuBose_____
                                            UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Decree:

FOR PLAINTIFF UNITED STATES OF AMERICA

KENYEN R. BROWN
UNITED STATES ATTORNEY

Steven E. Butler
First Assistant United States Attorney
United States Attorney's Office
Southern District of Alabama
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7102
Facsimile: (251) 441-5051
Email: steven.butler@usdoj.gov

Holly L. Wiseman
Special Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7104
Facsimile: (251) 441-5051
Email: holly.wiseman@usdoj.gov

FOR PLAINTIFF-INTERVENOR

_Daniel A. Hannan_

Daniel A. Hannan, Esq.
205 N. Conception Street
Mobile, Alabama 36603
Telephone: (251) 433-0051
Email: dahlawyer@hotmail.com

_Henry Brewster_

Henry Brewster, Esq.
Henry Brewster, LLC
205 N. Conception Street
Mobile, Alabama 36603
Telephone: (251) 338-0630
Email: hbrewster@brewsterlaw.net


FOR DEFENDANTS

_Taffi S Stewart_

Taffi S. Stewart, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone: (205) 967-8822
Email: tstewart@lgwmlaw.com

# APPENDIX A
## NONDISCRIMINATION POLICY

It is the policy of **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** to comply with Title VIII of the Civil Rights Act of 1968 (commonly known as the Fair Housing Act) by ensuring that apartments are available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex.

This policy means, among other things, that **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** and all agents or employees of **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** at _____ (name of the rental property) with the responsibility for renting, selling or managing any dwelling units must not discriminate in any aspect of the sale or rental of dwellings to qualified applicants or tenants. Such agents and employees must refrain from, among other things:

A. Discriminating in the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person because of race, color, religion, sex, familial status (having children under 18), national origin, or a disability of the resident or of any person associated with the resident;

B. Discriminating against a person in the terms, conditions, or privileges of the sale or rental of a dwelling or in the provision of services or facilities in connection with such dwelling, because of race, color, religion, sex, familial status (having children under 18), national origin, or a disability of the resident or of any person associated with the resident;

C. Sexually harassing any tenant or prospective tenant.

D. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a resident with a disability an equal opportunity to use and enjoy a dwelling; and

E. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his/her having exercised or enjoyed, or on account of his/her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Act.

Any agent or employee who fails to comply with this nondiscrimination policy shall be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in the unequal service, treatment or behavior to residents on the basis of race, color, religion, sex, familial status (having children under 18), national origin, or disability may constitute a violation of state and federal fair housing laws. Any resident who believes that any of the above policies have been violated by any owner, agent or employee may contact the U.S. Department of Housing and Urban Development at 1-800-669-9777, or the United States Attorney's Office at 251-441-5845.

# APPENDIX B
## GENERAL REASONABLE ACCOMMODATION POLICY FOR PERSONS WITH DISABILITIES

If a prospective resident, resident, or member of a prospective resident or resident's household has a disability, he/she may request a reasonable accommodation. Reasonable accommodations are changes, exceptions, or adjustments to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces.

It is preferred that all reasonable accommodation requests be submitted in writing to the Management. Request forms for reasonable accommodations are available at the rental office, or online at _____. If a prospective resident, resident or household member has difficulty filling the form, the local property officer personnel will assist him or her in completing the form. Oral requests for reasonable accommodations will be recorded and processed in accordance with this policy.

The Management shall notify the requester in writing of the decision regarding the request within fourteen (14) days of the completed written request. If the Management cannot grant the request as made, the Management will engage in open discussions and/or engage in an interactive process with the resident or prospective resident in an effort to provide an alternate accommodation that satisfies the request. In the event the interactive process is unsuccessful, resulting in a denial of the request, an explanation of the basis for such denial shall be included in the written notification. If the request is denied, the requesting resident may contact the Department of Housing and Urban Development to file a complaint at:
http://portal.hud.gov/portal/page/portal/HUD/topics/housing/discrimination or by calling 1-800-669-9777 or may contact the United States Attorney' Office at 251-441-5845.

# APPENDIX C
## REQUEST FOR REASONABLE ACCOMMODATION

If you, a member of your household, or someone associated with you has a disability, and believes that there is a need for a reasonable accommodation which will provide you with an equal opportunity to use and enjoy your dwelling (e.g., transferring to a different apartment unit, the allowance of assistance animals, the creation or reservation of accessible parking, the installation of bathroom grab bars, etc.), please complete this form and return it to the Manager. The Manager will assist you in completing this form, and will respond to your request in writing within two weeks (or sooner if the situation requires an immediate response).

Name of Resident or Potential Resident: _____

Today's Date: _____

Signature of Resident or Potential Resident: _____

The person(s) who has/have a disability requiring a reasonable accommodation is/are: (mark applicable response)

☐ Me ☐ A person associated or living with me.

Name of person(s) with disability: _____

Phone: _____

Address: _____

_____

I, or persons associated or living with me, have a disability and request the following:

_____

_____

_____

_____

Reasons for the request:

_____

_____

_____

_____

_____    _____
            REQUESTER                              DATE

For Management

NOTICE: No Person at the Office of the Local Property Has Authority to Deny Your Request for Reasonable Accommodation.  You will be notified of the decision by the [designated Reasonable Accommodation Facilitator]

If you have any questions or need assistance with this form please contact [_____]:

Telephone:      _____
Facsimile:      _____
Address:        _____
                _____
Email:          _____

## APPENDIX D

Form to be completed by an employee at the local property if Requester cannot or will not complete written form:

On _____, the undersigned requester orally requested a reasonable accommodation to [describe dwelling unit]:

_____

_____

The reasonable accommodation consisted of:

_____

_____

_____

_____

I, the undersigned, _____, of _____
                             (Job title)                 (Apartment Complex)

Gave the requester the applicable forms and assisted the requester in filling out the forms.

The requester could not/refused to fill out the forms, and I completed the form with requester's verbal information.

I provided the completed forms to the Management on _____
                                                        (Date)

_____     _____
          REQUESTER                         DATE

REQUESTER'S ADDRESS:     _____
                                      _____

REQUESTER'S TELEPHONE
NUMBER:                   _____

_____     _____
OFFICE EMPLOYEE WHO ASSISTED           DATE

NOTICE: No Person at the Office of the Local Property Has Authority to Deny Your Request for Reasonable Accommodation. You will be notified by the [Designated Reasonable Accommodation Facilitator] of the decision.

If you have any questions or need assistance with this form please contact the Management at:

Telephone:    _____

Facsimile:    _____

Address:      _____
              _____

Email:        _____

**APPENDIX E**

APPROVAL OR DENIAL OF REASONABLE ACCOMMODATION REQUEST
BY [DESIGNATED REASONABLE ACCOMMODATION FACILITATOR]

Dear: _____  Address: _____

_____

Phone: _____

On _____ [date], you requested the following reasonable
accommodation [describe request]:

_____

_____

_____

_____

We have (check all that apply):

☐ Approved your request. The following reasonable accommodation will be
permitted [describe]:

_____

_____

_____

_____

☐ The change is effected immediately.

☐ The reasonable accommodation will be permitted by _____[date].

_____

_____

_____

_____

☐   The change or exception you requested cannot be granted at the subject property because:

_____

_____

However, we are willing to (see below) in an effort to accommodate your disability.

_____

_____

☐   Can neither approve nor deny your request without further information [List information needed]:

_____

_____

☐   Denied your request.  We have denied your request because [list all reasons that apply]:

_____

_____

☐   We used these facts to deny your request [list]:

_____

_____

_____

_____

☐ To make this decision, we spoke with the following people, reviewed the following documents, and performed the following investigation [list]:

_____

_____

_____

_____

_____

_____

If you disagree with this decision, you may file a complaint with the Department of Housing and Urban Development by visiting: http://portal.hud.gov/portal/page/portal/HUD/topics/housing_discrimination or by calling 1-800-669-9777, or you may contact the United States Attorney's Office at (251) 441-5845.

Sincerely,

_____     _____
SIGNATURE                               DATE


Name:  _____

Requestor acknowledges receipt of this completed form:

_____     _____
SIGNATURE                               DATE

NOTICE:   No Person at the Office of the Local Property Has Authority to Deny Your Request for Reasonable Accommodation.

If you have any questions or need assistance with this form please contact _____ at:

Telephone:  _____

Facsimile: _____

Address: _____

_____

Email: _____

**APPENDIX F**
**Reasonable Accommodation Policy Regarding "Assistance Animals"**

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** is committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** apartment building.

Reasonable accommodations may include waiving or varying **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** rules or policies to allow a resident with a disability to keep an "assistance animal." An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that alleviates one or more symptoms or effects of a person's disability ("Assistance Animal"). The most common Assistance Animals are dogs, although other animals may qualify as assistance animals. Assistance Animals are not pets under **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** policies, and Assistance Animals will be governed by this policy and not Defendants' pet policy. **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** recognizes the importance of Assistance Animals and is dedicated to ensuring that **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** apartment building residents with Assistance Animals – whether owners, occupants or renters – may keep them in their units.

If a resident with a disability requests a reasonable accommodation for an Assistance Animal, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** must determine whether the animal provides assistance needed by that resident to afford him or her an equal opportunity to enjoy living at **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** apartment building. Many times, both the disability and the assistance provided by the Assistance Animal is obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility impairment. If this is the case, no further inquiry will be made and **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** will grant the resident the reasonable accommodation.

a.     In the case of a resident who requests a reasonable accommodation for an Assistance Animal that provides emotional support or other assistance that alleviates one or more symptoms or effects of the resident's disability, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** may require a written statement from a health or social service professional[2] indicating:

     i.     That the applicant has a disability,[3] and

     ii.     That the animal would provide emotional support or other assistance that would alleviate one or more symptoms or effects of the disability.

b.     In the case of a resident who requests a reasonable accommodation for an Assistance Animal that does work or performs tasks for the benefit of a person with a disability, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** may require that the resident provide:

     i.     A written statement from a health or social service professional indicating that the person has a disability, and

     ii.     Information that the animal has been individually trained to do work or perform tasks that would alleviate one or more symptoms or effects of the disability, or information that the animal, despite lack of individual training, is able to do work or perform tasks that would alleviate one or more symptoms or effects of the disability.

c.     In the case of an Assistance Animal that both provides emotional support or other assistance that alleviates one or more symptoms or effects of a disability and does work or performs tasks for the benefit of a person with a physical disability, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** may require compliance with either of the two preceding paragraphs, but not both.

     **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** will not require compliance with any of the following requirements:

---

[2] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.

[3] Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who is regarded as having such an impairment, or a person with a record of such an impairment.

i.      In the case of an Assistance Animal that provides emotional support or other assistance that alleviates one or more symptoms or effects of a disability, that the animal be trained as an emotional support animal or have a certification of its efficacy, or

ii.      That the resident pay any fee, deposit or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal.

d.      In processing requests for Assistance Animals, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests.  Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

e.      It is the responsibility of a person with a disability who is a resident, tenant or occupant of a unit to inform **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** as to the need for an Assistance Animal for the resident, tenant or occupant of a unit, and to request a reasonable accommodation and provide any required documentation.  A person with a disability may request a reasonable accommodation orally, but it will be more helpful to make it in writing.  To that end, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** has a "Form to Request An Assistance Animal" (attached to this Policy) which a person with a disability can use to make a reasonable accommodation request for an Assistance Animal.

f.      If the applicant requires assistance in completing the form, the Property Manager, on-site property caretaker or his or her designee will provide assistance or will fill out the form based on an oral request.  **[Multifamily Management, Inc. / The Mitchell Company, Inc.]**  is using the form to record reasonable accommodation requests so that we obtain only the information necessary to make a reasonable accommodation decision and do not obtain confidential information that we do not need to make a reasonable accommodation decision.

g.      Once a completed request with any required documentation is received, **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** will provide a response within fourteen days.   Before denying a request, **[Multifamily**

**Management, Inc. / The Mitchell Company, Inc.]** will attempt to engage in an interactive process with the person making the request in which the parties discuss possible alternative accommodations that might effectively meet the person's disability-related needs. **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** recognize that a person with a disability is generally in the best position to know whether or not a particular accommodation will be effective in meeting his or her needs. If a request is denied, an explanation for the denial will be included in the written notification of denial. If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC 20410
(800) 669-9777
https://www5.hud.gov/Hud903/main/pagHUD903Form.jsp

**APPENDIX G**
**FORM TO REQUEST AN ASSISTANCE ANIMAL**

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** is committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** apartment building.

Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who is regarded as having such an impairment, or a person with a record of such an impairment. Reasonable accommodations may include waiving or varying **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** rules or policies to allow a resident to keep an assistance animal. An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that alleviates one or more symptoms or effects of a person's disability (Assistance Animal).

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation for the person with a disability to use and enjoy a dwelling unit at **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** apartment building, please complete this form and return it to the on-site caretaker or **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** management office. Please check all items that apply and answer all questions. **[Multifamily Management, Inc. / The Mitchell Company, Inc.]** will answer this request in writing within 14 days. All information provided to MFMI in connection with this request will be kept confidential, except as otherwise required by law. If you require assistance in completing this form, please call the management office at **[INSERT PHONE NUMBER]** for assistance or to make an oral request for a reasonable accommodation.

1.     Do you require assistance filling out this form?

☐  Yes      ☐  No

If your answer is "Yes," and you do not have someone who can assist you, please ask **[INSERT NAME AND PHONE NUMBER]** to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

2.      Today's Date:  _____

3.      I am (please check one):


☐  The person who has a disability and is requesting an Assistance Animal.  If so, continue to Question 4.


☐  A person making a request on behalf of or assisting the person with a disability who needs an Assistance Animal.  Please fill out the information below:

Name of person filling out form:      _____
Address:                                            _____
                                                            _____
Telephone number:                           _____
Relationship  to  person  needing
Assistance Animal"                          _____

4.      Name of person with a disability for whom a reasonable accommodation is being requested:

Name:                  _____
Phone Number:   _____
Address:             _____
                          _____

5.      Is the person with a disability who is requesting an Assistance Animal doing so that he or she can have an equal opportunity to use and enjoy a dwelling at **[Multifamily Management, Inc.'s / The Mitchell Company, Inc.'s]** apartment building?

           ☐  Yes       ☐  No

6.     Designate the species of animal for which you are making a reasonable accommodation request e.g., "dog," "cat:"

_____

_____

7.     Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____

8.     Does the animal for which you are making a reasonable accommodation request perform work or do tasks for you because of your disability?

☐ Yes     ☐ No  (If "No," continue to Question 9)

If the answer is yes:

(a) provide a statement from a health or social service professional indicating that you have a disability (i.e. you have a physical or mental impairment that substantially limits one or more major life activities); and

(b) explain below how the animal has been trained to do work or perform tasks that alleviate one or more symptoms or effects of your disability or, if the animal lacks individual training, how the animal is able to do work or perform tasks that would alleviate one or more symptoms or effects of your disability:

_____

_____

_____

_____

_____

_____

_____

You may provide any additional information or documentation of the training or work you describe above and attach it to this application.

9. If the animal for which you are making a reasonable accommodation request does not perform work or do tasks for you because of your disability, but provides emotional support or alleviates one or more symptoms or effects of your disability, please submit a statement from a health or social service professional stating that (a) you have a disability (i.e. you have a physical or mental impairment that substantially limits one or more major life activities); and (b) the animal would provide emotional support or other assistance that would alleviate one or more symptoms or effects of your disability and how the animal alleviates the symptoms or effects. Please attach such a statement to this application.

_____     _____
  Signature of Person Making Request                    Date

_____     _____
  Signature of Person With Disability                    Date

*TO BE COMPLETED BY MANAGEMENT*

Form accepted by: _____
Date: _____
Signature: _____

**APPENDIX H**
**EMPLOYEE ACKNOWLEDGMENT**

I acknowledge that on _____, 20_, I was provided copies of the Consent Decree entered by the Court in <u>United States and Cynthia Boyd v. Gulf Shores Properties Ltd., et al.,</u> Civil Action No. (S.D. Ala.), and the nondiscrimination and reasonable accommodation policies of MFMI. I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

Signature:     _____
Print Name:    _____
Job Title:     _____

**APPENDIX J**
**CERTIFICATION OF FAIR HOUSING TRAINING**

On _____ I attended training on the federal Fair Housing Act, including its requirements concerning reasonable accommodations for people with disabilities. I have had all of my questions concerning the Fair Housing Act answered to my satisfaction.


Signature: _____

Print Name: _____

Date: _____

# APPENDIX K
## LIST OF PROPERTIES SUBJECT TO CONSENT DECREE

| COMPLEX | STREET ADDRESS | CITY | STATE | ZIP CODE | NUMBER OF UNITS |
|---|---|---|---|---|---|
| Hope VI | 500 John Helm Street | Prichard | AL | 36610 | |
| Fountainebleau, Building A | 125 Mobile Infirmary Blvd. | Mobile | AL | 36607 | |
| Tower on Ryan Park | 758 St. Michael St | Mobile | AL | 36602 | |